Marcus Mann, Salyersville, for appellant.

A. Dale Bryant, William P. Bach, Jackson, for appellee.

**L. C. ARNETT, Appellant,**

v.

**Pearlie DAVIS, Appellee.**

Court of Appeals of Kentucky.

Dec. 18, 1970.

CULLEN, Commissioner.

In a February 1968 judgment granting Gwendolyn Arnett a divorce from L. C. Arnett she was awarded custody of their son Richard, then two years of age. Gwendolyn immediately remarried, and she and her new husband maintained custody of Richard. In February 1969 Gwendolyn died. For about two months prior to her death she, her new husband and Richard had lived with her mother, Pearlie Davis, in the latter's home. Following Gwendolyn's death Richard and his stepfather continued to reside with Pearlie.

In March 1969 L. C. Arnett (who also had remarried) brought the instant action against Pearlie, seeking that custody of Richard be awarded to him. Evidence was taken, following which the trial court made a finding that L. C. was "not suited to the trust," and entered judgment award-

ing custody to Pearlie. L. C. has appealed from that judgment.

Upon the trial Pearlie testified that on an occasion when Richard was a baby, she saw L. C. whip the baby, "whipped it real hard and throwed it against the wall." Pearlie's 15-year-old daughter testified that during a one-week period when she was visiting L. C. and Gwendolyn in their home, when Richard was around one year old, she saw L. C. hit the child on two occasions, once with a board and another time with a furnace shaker.

With reference to the foregoing testimony, L. C. says, in his brief: "If these things are true Appellant is not suited to the trust." His argument simply is that the testimony is not credible. Nothing is advanced in support of that proposition other than the fact that Pearlie and her daughter were biased and prejudiced, there was some question as to Pearlie's morality, and there was evidence that L. C. was a good father to his second wife's small child. Obviously these things did not establish incredibility of the testimony.

The judgment is affirmed.

All concur except OSBORNE, J., who dissents for the reasons stated in Mandelstam v. Mandelstam, Ky., 458 S.W.2d 786, 788.